## THE SYSKONEN *v.* LOGAN and others.[1]

*(District Court, E. D. Pennsylvania.   July 7, 1886.)*

CARRIER—OF GOODS BY VESSEL—FREIGHT.

The ship Syskonen received a cargo under bills of lading which provided for its delivery to "order or assigns. he or they paying the freight." A. & Co. contracted with B., an indorsee of the bills of lading, for the cargo, agreeing to pay the stipulated price on delivery to them. The cargo was delivered into lighters belonging to A. & Co., who receipted to the ship for it. Payment of the freight was sought of B., but failing in this, and finding him probably insolvent, recourse was had to A. & Co. *Held* that, as A. & Co. were neither assignees of the bills of lading nor owners of the cargo until after delivery, they were not liable for the freight, and that the bill must be dismissed, with costs to respondents.

In Admiralty.

*Charles Gibbons*, for libelants.

*Flanders & Pugh*, for respondents.

BUTLER, J.  The cargo was received by the ship under bills of lading which provided for its delivery at Philadelphia, to "order or assigns, he or they paying freight." The bills were indorsed to Gardeicke, who, on the ship's arrival in Philadelphia, ordered her to a discharging berth, where the cargo was delivered into lighters sent to receive it. The lighters belonged to the respondents, who had contracted with Gardeicke for it, undertaking to pay the stipulated price on delivery to them. Gardeicke had it thus delivered, in pursuance of his contract, directly from the ship, the respondents receipting to the ship for it. The ship knew no one in the transaction but Gardeicke, and supposed she was delivering to him, or some one representing him, and accordingly called on him for the freight immediately after. Failing to obtain payment from him, and finding him probably insolvent, she resorted to the respondents. In view of the facts, the libel cannot be sustained. The respondents were neither assignees of the bills of lading, nor owners of the cargo, until after its delivery.

The bill must be dismissed, with costs to respondent.

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.